```
                  IN THE UNITED STATES DISTRICT COURT
                       FOR THE DISTRICT OF KANSAS


JOHN T. BAKER,

                           Plaintiff,

              v.                                CASE NO. 12-3163-SAC

SEDGWICK COUNTY JAIL,
et al.,

                           Defendants.
```

**O R D E R**

Plaintiff proceeds pro se on a complaint filed under 42 U.S.C. § 1983 while plaintiff was confined in the Sedgwick County Detention Center in Wichita, Kansas.[1]  Before the court is plaintiff's motion for leave to proceed in forma pauperis.

*Motion for Leave to Proceed In Forma Pauperis, 28 U.S.C. § 1915*

Plaintiff must pay the full $350.00 filing fee in this civil action.  *See* 28 U.S.C. § 1915(b)(1)(prisoner bringing a civil action or appeal in forma pauperis is required to pay the full filing fee).  If granted leave to proceed in forma pauperis, plaintiff is entitled to pay this filing fee over time, as provided by payment of an initial partial filing fee to be assessed by the court under 28 U.S.C. § 1915(b)(1) and by periodic payments from plaintiff's inmate trust fund account as authorized in 28 U.S.C. § 1915(b)(2).  Pursuant to 28 U.S.C.

---

[1] Plaintiff was a prisoner in the county jail when he filed this action.  The court file reflects that he was released approximately one month later, and then subsequently returned to the county facility.

§ 1915(b)(1), the court is required to assess an initial partial filing fee of twenty percent of the greater of the average monthly deposits or average monthly balance in the prisoner's account for the six months immediately preceding the date of filing of a civil action.

Having considered the sparse financial records provided by plaintiff, the court finds no initial partial filing fee may be imposed at this time due to plaintiff's limited resources, and grants plaintiff leave to proceed in forma pauperis. *See* 28 U.S.C. § 1915(b)(4)(where inmate has no means to pay initial partial filing fee, prisoner is not to be prohibited from bringing a civil action). Plaintiff remains obligated to pay the full $350.00 district court filing fee in this civil action, through payments from his inmate trust fund account as authorized by 28 U.S.C. § 1915(b)(2).

*Screening of the Complaint – 28 U.S.C. § 1915A*

Because plaintiff initiated this action which he was a prisoner, the court is required to screen the complaint and to dismiss it or any portion thereof that is frivolous, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant immune from such relief. 28 U.S.C. § 1915A(a) and (b).

"To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988). Although a complaint filed pro se by a party proceeding in forma pauperis must be given a liberal construction, *Haines v. Kerner*, 404 U.S. 519, 520 (1972), even under this standard a pro se litigant's "conclusory allegations without supporting factual

averments are insufficient to state a claim upon which relief can be based." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir.1991). Plaintiff bears the burden of alleging "enough facts to state a claim to relief that is *plausible* on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). *See Robbins v. Oklahoma*, 519 F.3d 1242, 1247 (10th Cir.2008)(stating and applying *Twombly* standard for dismissing a complaint as stating no claim for relief).

In the present case, plaintiff states he fell on May 5, 2012, due to water on the floor from a leaking pipe. In his original complaint, plaintiff sought damages[2] for injuries to a finger on his left hand, and named the Sedgwick County jail and the Sedgwick County sheriff (Sheriff Hinshaw) as defendants.

Pursuant to a court order that plaintiff resubmit his complaint on a court approved form, plaintiff filed an amended complaint naming Sheriff Hinshaw and Sedgwick County Lt. Johnson as the only defendants.[3] In the amended complaint plaintiff cites a history of water on the floor from the leaky pipe not being fixed. He claims Lt. Johnson saw plaintiff fall on May 5, 2012, but failed to come to plaintiff's aid until another correctional officer (Savage) arrived. Plaintiff states that both officers treated him rudely and as faking an injury. Plaintiff maintains his May 5, 2012, fall and injury would

---

[2] Plaintiff seeks punitive damages, "declarative judgment" damages, damages for pain and suffering, and damages for lost wages.

[3] Because plaintiff's amended complaint supercedes and replaces the original complaint, these two defendants are now the only defendants in this matter. Plaintiff is advised, however, that the Sedgwick County facility, named as a defendant in the original complaint, is not a legal entity subject to suit, nor a "person" for purposes of establishing a cause of action under § 1983. **Error! Main Document Only.***See Aston v. Cunningham*, 2000 WL 796086 at *4 n. 3 (10th Cir. Jun. 21, 2000) ("a detention facility is not a person or legally created entity capable of being sued").

not have happened if the pipe had been fixed when a prisoner first fell in December 2011. As in the original complaint, plaintiff continues to seek damages.

Having reviewed the record, the court finds no viable claim of constitutional significance is presented for the purpose of stating a plausible claim upon which relief can be granted under § 1983.

Whether plaintiff is confined in the county jail as convicted prisoner or as a pretrial detainee, his allegations concerning the safety of his environment and the response to his medical needs are analyzed under the Eight Amendment's "deliberate indifference" standard, applicable to the state through the Fourteenth Amendment. *See Barney v. Pulsipher*, 143 F.3d 1299, 1310 n. 10 (10th Cir.1998); *Riddle v. Mondragon*, 83 F.3d 1197, 1202 (10th Cir.1996). *See Farmer v. Brennan*, 511 U.S. 825, 828 (1994) ("A prison official's 'deliberate indifference' to a substantial risk of serious harm to an inmate violates the Eighth Amendment."). This "deliberate indifference" standard requires both an objective showing of a sufficiently serious condition, and a subjective showing that defendants acted with a sufficiently culpable state of mind. *Id*. at 834.

In the present case, plaintiff's allegations of negligence in a leaky pipe being fixed, of minimal delay in Lt. Johnson attending to plaintiff after his fall, and of being treated rudely by Johnson with disregard to plaintiff's injured hand, encompass state tort claims of negligence at most if at all, but fail to provide a sufficient basis for plausibly establishing that either named defendant acted with deliberate disregard to an excessive risk to plaintiff's safety or wellbeing. It is well recognized that negligent conduct alone

"does not implicate the due process clause of the Fourteenth Amendment to afford section 1983 relief." *Bryson v. City of Edmond*, 905 F.2d 1386, 1390 (10th Cir. 1990)(citing *Daniels v. Williams*, 474 U.S. 327 (1986)).

Nor does plaintiff allege any factual basis for plausibly establishing that Sheriff Hinshaw personally participated in any of the alleged misconduct. A defendant's "personal participation is an essential allegation in a § 1983 claim." *Mitchell v. Maynard*, 80 F.3d 1433, 1441 (10th Cir.1996)(quotation omitted). *See Trujillo v. Williams*, 465 F.3d 1475, 1477 (10th Cir.2006)(same). Government officials are not vicariously liable for the misconduct of their subordinates. "There is no concept of strict supervisor liability under § 1983." *Serna v. Colorado Department of Corrections*, 455 F.3d 1146, 1151 (10th Cir.2006)(quotation omitted).

According, absent further amendment of the complaint to cure these identified deficiencies, the court finds the amended complaint is subject to being summarily dismissed as stating no claim for relief.[4] 28 U.S.C. § 1915A(b); 28 U.S.C. § 1915(e)(2)(B)(ii).

### Notice and Show Cause Order to Plaintiff

The court thus directs plaintiff to show cause why the amended

---

[4] Plaintiff is advised that dismissal of the complaint will count as a "strike" under 28 U.S.C. § 1915(g), a "3-strike" provision which prevents a prisoner from proceeding in forma pauperis in bringing a civil action or appeal if "on 3 or more prior occasions, while incarcerated or detained in any facility, [the prisoner] brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury."

complaint should not be summarily dismissed as stating no claim for relief.  The failure to file a timely response may result in the complaint being dismissed for the reasons stated herein, and without further prior notice.

Plaintiff's motion for a copy of the report a Sedgwick County officer wrote against a party not named in this matter, and for summons to secure the appearance of one or more specific witnesses, is denied without prejudice as premature requests.

IT IS THEREFORE ORDERED that plaintiff's motion for leave to proceed in forma pauperis (Doc. 4) is granted, with payment of the $350.00 district court filing fee to proceed as authorized by 28 U.S.C. § 1915(b)(2).

IT IS FURTHER ORDERED that the Sedgwick County Jail is dismissed as a defendant in this matter.

IT IS FURTHER ORDERED that plaintiff is to show cause within twenty (20) days why the amended complaint should not be summarily dismissed without prejudice.

IT IS FURTHER ORDERED that plaintiff's motion for a report and for court process to secure the appearance of witness(es) (Doc. 9) is denied without prejudice.

A copy of this order is to be provided to plaintiff, and to the finance officer where plaintiff is currently confined.

**IT IS SO ORDERED.**

DATED:  This 23rd day of October 2012 at Topeka, Kansas.

    s/ Sam A. Crow
    SAM A. CROW
    U.S. Senior District Judge